Filed 9/9/25  P. v. Rios CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>JOSE MIGUEL RIOS,<br><br>    Defendant and Appellant. | F088834<br><br>(Super. Ct. No. F21904054)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill, and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Levy, J. and Detjen, J.

Defendant Jose Miguel Rios appeals the criminal protective order issued at sentencing by the trial court under Penal Code section 136.2.[1]  Defendant argues that the court lacked authority impose a 10-year criminal protective order pursuant to section 136.2, which does not authorize posttrial protective orders for his charges of conviction.  The People concede that the protective order must be stricken.  We accept the People's concession and shall strike the protective order.

## PROCEDURAL BACKGROUND

On August 13, 2024, the District Attorney of Fresno County filed a second amended consolidated information that charged defendant with 18 separate counts including, as relevant here, shooting at an inhabited dwelling (§ 246; count 4) and conspiring to dissuade a witness (§ 136.1, subd. (c)(2); count 16).  Pursuant to an agreement with the prosecutor, defendant pleaded no contest to counts 4 and 16 in exchange for a seven-year prison sentence and dismissal of the remaining charges.  Thereafter, defendant admitted that he sustained numerous prior convictions or of increasing seriousness pursuant to California Rules of Court, rule 4.421(b)(2), an aggravated sentencing factor as alleged in a first amended information filed after entering his pleas.[2]

According to the probation report, defendant fired shots into a Kingsburg residence when the residents were sleeping on April 20, 2021, and into another residence on May 20, 2021.  During the latter incident, defendant returned and set fire to the residents' vehicle.  Officers saw defendant returning to the residence, and defendant fled

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     After sentencing, due to an error in the first amended information, the prosecutor filed a second amended information to correctly reflect the charge in count 4.  At a subsequent hearing, the parties affirmed their continued adherence to the plea agreement and sentence.  The court stated it was "going to effectively the nun pro tunc [*sic*] the change of plea on August 13th and apply that change of plea form to the second amended consolidated Information . . . .  The Court will and continue to accept the defendant's no-contest plea."

2.

from them, engaging in a high-speed pursuit until eventually arrested. During a search of defendant's vehicle, officers seized a firearm that matched the bullet casings found after the shootings and also a plastic gasoline tank consistent with having set the victims' vehicle on fire. The owner of the vehicle defendant was driving when arrested was with defendant prior to the May 20, 2021 shooting. Defendant later contacted that individual and offered him money if the individual promised that what happened the day of the shooting "stay[ed] between [them]."

At defendant's sentencing hearing on September 12, 2024, the victim spoke to the court and expressed concern that defendant would find her family again because they could not move from their home. The court indicated that it would authorize a 10-year criminal protective order prohibiting defendant from contacting any members of her family or coming within 100 yards of her residence. Defense counsel had no opposition to the order. The court orally made the order and also executed a written order that indicated it was issued as a pretrial order pursuant to section 136.2, but provided the order would not expire for 10 years, the period applicable to postconviction orders.

The trial court sentenced defendant to the upper term of seven years in prison as to count 4 and a stayed three-year middle term as to count 16. The court further ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), $1,800 restitution (§ 1202.4, subd. (b)) and parole revocation restitution (§1202.45) fines, $80 in court operations assessments (§ 1465.8), and $60 in criminal conviction assessments (Gov. Code, § 70373).

Defendant filed a timely notice of appeal on October 22, 2024.

## DISCUSSION

Defendant pled no contest to count 4, shooting at an inhabited dwelling (§ 246) and count 16, conspiring to dissuade a witness (§ 136.1, subd. (c)(2)). At sentencing, the trial court imposed a pretrial criminal protective order pursuant to section 136.2, subdivision (a) that provided for a term of 10 years, which is applicable only to

postconviction protective orders.  However, as the parties agree, no statute authorizes a postconviction protective order in this case.

Section 136.2, subdivision (a)(1) provides:  "Upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, a court with jurisdiction over a criminal matter may issue" various types of protective orders.  The purpose of the provision is to " ' "protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued in order to allow participation without fear of reprisal." ' " (*People v. Corrales* (2020) 46 Cal.App.5th 283, 286.)  It authorizes protective orders that are " ' "operative only during the pendency of criminal proceedings and as prejudgment orders." ' " (*Ibid.*)  It "generally does not authorize a trial court to impose a postjudgment restraining order against a criminal defendant." (*Ibid.*)

While section 136.2, subdivision (i)(1) authorizes a criminal court to issue a postconviction restraining order valid for up to 10 years against a defendant when they have been convicted of certain enumerated offenses, this subdivision does not include the offenses of shooting at an inhabited dwelling or conspiring to dissuade a witness.  Other statutes also permit postconviction restraining orders, but not for defendant's crimes of conviction.  (See, e.g., §§ 273.5, subd. (j)(1) [authorizing restraining orders valid for up to 15 years for crimes involving domestic violence]; 368, subd. (l) [authorizing restraining orders valid for up to 10 years for crimes against the elderly and dependent adults], 646.9, subd. (k)(1) [authorizing restraining orders valid for up to 10 years for stalking conviction].)

Therefore, we agree with the parties that the trial court's postconviction protective order is unauthorized and must be stricken.  (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 901 [postconviction protective order must be stricken because the defendant's convictions for robbery and assault were not domestic violence offenses and court did not have statutory authority to impose it].)

4.

**DISPOSITION**

The 10-year postconviction criminal protective order issued on September 12, 2024, is stricken.  As modified, the judgment is affirmed.